## H. KENDALL CARTER & CO. *v.* W. J. Q. BAKER.

A factor has a privilege upon the crop of the current year for all necessary supplies furnished to the plantation of his principal. C. C. 3184. Act of March 23, 1843, p. 44.

APPEAL from the District Court of the Parish of Ouachita, *Sharpe*, J. *McGuire* and *Ray*, for plaintiff. *Baker*, *propriâ personâ*. By the court:

CARTER
v.
BAKER.

DUNBAR, J. This suit is brought on a note for twelve hundred and ninety-five dollars, with 8 per cent interest from the 16th April, 1850, payable the 1st January, 1851, the payment of which is secured by mortgage. It appears that the plaintiffs were the factors of the defendant, and upon the settlement of his account with them on the 22d April, 1850, gave the note and mortgage above-mentioned. After the note and mortgage were given, as stated by a witness of the plaintiffs, who was their agent, the defendant solicited "other accommodations and supplies," which witness promised that plaintiffs would furnish him, "provided he would ship his growing crop, of the year 1850, to them," which was assented to ; and the plaintiffs continued, upon this condition, to furnish the defendant advances and supplies.

In January, 1851, the defendant shipped to the plaintiffs twenty bales of cotton, which neted $1093 11 and paid the account current of the defendant, leaving a balance in his favor on the 1st March, 1851, of $591 10, which was imputed as a payment on the note sued on.

The defendant, on the 1st January, 1851. the date of the shipment of his cotton, wrote to the plaintiffs that he desired them to place the proceeds of the cotton to the payment of the note and mortgage, as it was the most onerous debt, and now sets this up as his defence to this action.

The district court gave judgment for the plaintiffs, disregarding this defence, and the defendant has appealed.

From the testimony of the witness before referred to, we think the district judge might very well have come to the conclusion, that the condition upon which the plaintiffs agreed to continue furnishing the defendant with supplies and accommodations was, that they should be paid out of the proceeds of the sale of the cotton shipped to them. See Acts of 1841, pp. 21–22, and 1843, p. 44. *Bloodworth* v. *Jacobs*, 2 Ann. 24. We do not believe that it was intended by the parties, that the plaintiffs should be placed in a worse condition than if they had been undertaking, for the first time, the factorage business of the defendant. If, after the settlement with the plaintiffs, he had employed a new factor, the latter would have had a privilege for all necessary supplies furnished his plantation on the crop of 1850.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.